PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TONY POTTER, | ) | |
| | ) | CASE NO. 4:19CV2358 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| ANDREW SCHUMACHER, *et al.*, | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |
| | ) | |

*Pro se* Plaintiff Tony Potter, a federal inmate incarcerated at FCI Elkton, filed this civil rights action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against two individual prison "medical staff" members, Dr. J. Dunlop and Physicians Assistant Andrew Schumacher (collectively, the "Defendants"). ECF No. 1. For the reasons explained below, the Complaint is dismissed.

**I. Background**

The Complaint pertains to medical care he received in 2018. *Id.* at PageID #: 5. Plaintiff alleges he had been complaining about pain in his abdominal area for months without medical assistance before he was rushed to the hospital in June 2018, after his abdominal area "burst open" while he was playing cards on the Recreation Yard. *Id*. He spent four days in the hospital, where he underwent multiple diagnostic procedures and tests revealing that the mesh from his "previous hernia surgery had broken into pieces and was disbursed throughout [his] bowels and intestines," and that there were "pockets of abscesses within [his] abdominal area." *Id*.

(4:19CV2358)

Plaintiff alleges he was diagnosed with a "Ruptured Incarcerated Umbilical Hernia; and Methicillin-Resistant Staphyloccus Aureus or MRSA" and sent back to FCI Elkton, where he received only "wound care" and "a few days of medication." *Id*.

Afer complaining to Defendants of severe abdominal pain and that his wounds were not healing, he was rushed back to the hospital in October 2018, after he suffered another "severe rupture." *Id*. at PageID #: 5-6.  The hernia surgery for which he was scheduled that month also "did not occur" when a pre-surgical examination revealed broken mesh surrounded by MRSA on the right side of his abdomen. *Id*. at PageID #: 6.  He was sent back to FCI Elkton, where he again complains he received only "wound care" and a "few days of medication." *Id*.  He alleges he had to continuously complain and write administrative remedy requests before the Defendants would prescribe him antibiotics, and he further complains he was provided antibiotics only "for a few weeks." *Id*.

Although he alleges he was "seen several times by the [D]efendants, and other Medical Staff," Plaintiff contends he did not receive "proper Medical Treatment" and suffered for over a year in pain. *Id*.  He seeks $10 million in damages on the basis that Defendants were "Deliberately Indifferent" to his medical needs. *Id*. at PageID #: 7.

With his Complaint, Plaintiff has filed a "Motion to Hold [his] Civil Action in Abeyance Until Counsel Enters an Appearance and Amends [his] Complaint" on his behalf. ECF No. 3.  He contends he is scheduled to be released from prison five months from the time he filed his Complaint on October 9, 2019 and that an amendment with counsel will contain "more Specific Details of the Defendants' Involvement and Interaction with the Plaintiff." ECF No. 1 at PageID

(4:19CV2358)

#: 7.  He asserts he "does not want to be procedurally, statutorily, or in any other way Time Barred" from bringing his action.  ECF No. 3 at PageID #: 13.

## II.  Standard of Review

Although *pro se* complaints are construed liberally and held to less stringent standards than formal pleadings drafted by lawyers, s*ee Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1973), the lenient treatment generally accorded to *pro se* litigants has limits.  *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf.  *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001).

Federal district courts are required, under 28 U.S.C. § 1915A, to screen all complaints in which a prisoner seeks redress from a governmental official or employee, and to dismiss before service any such complaint that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).  To survive a dismissal for failure to state a claim, a *pro se* complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.  Discussion

Failure to provide adequate medical treatment to a prisoner is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment when it results from "deliberate indifference" to the prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 104

3

(4:19CV2358)

(1976). To establish a claim, a plaintiff must demonstrate both objective and subjective components. A plaintiff must demonstrate that his medical condition posed a "substantial risk of serious harm" to him, and that the defendant acted with deliberate indifference to that risk. *See Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "Deliberate indifference is characterized by obduracy or wantonness it cannot be predicated on negligence, inadvertence, or good faith error." *Reilly v. Vadlamudi*, 680 F.3d 617, 624 (6th Cir. 2012) (citation omitted). In order to make out a deliberate indifference claim, "a plaintiff must show that the official [in question]: (1) subjectively knew of a risk to the inmate's health, (2) drew the inference that a substantial risk of harm to the inmate existed, and (3) consciously disregarded that risk." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010).

"'[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.'" *Reilly*, 680 F.3d at 624 (citing *Estelle*, 429 U.S. at 106). Additionally, a prisoner's disagreement with the testing and treatment he receives does not rise to the level of a constitutional violation. *See Dodson v. Wilkinson*, 304 F. App'x 434, 440 (6th Cir. 2008); *Ward v. Smith*, 100 F.3d 958, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996) (unpublished) ("[D]ifferences in judgment between an inmate and prison medical personnel regarding appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim") (citation omitted).

Plaintiff's allegations are insufficient to support plausible inferences that Defendants had the requisite, subjective state of mind necessary to support a plausible deliberate indifference claim. Plaintiff's Complaint makes clear he was provided emergency and other care in

4

(4:19CV2358)

connection with his abdominal issues. Even if the care he was provided by Defendants (or others) could be characterized as deficient, negligent, or constituting medical malpractice under state tort law, his allegations are insufficient to demonstrate that Defendants were "deliberately indifferent" to his medical needs *i.e.*, that they subjectively knew of a serious risk of harm to the Plaintiff which they consciously disregarded. Rather, where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976) (citations omitted).

### IV. Conclusion

For the reasons above, the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A. Plaintiff's motion to hold this action "in abeyance" is denied.[1] *See* ECF No. 3. Plaintiff's motion to proceed *in forma pauperis* is moot. ECF No. 2. The Court certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

| | |
|---|---|
|   April 16, 2020   |   */s/ Benita Y. Pearson*   |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[1] In Ohio, *Bivens* claims are typically subject to a two-year statute of limitations, *Montgomery v. Ferentino*, Case No. 4:17CV2326, 2019 WL 7372323, at *5 (N.D. Ohio Dec. 31, 2019)(citing *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005)), making it appear that Plaintiff has ample time to pursue litigation should he so choose.